## DRAWDY *vs.* LITTLEFIELD.

CLAIM, FROM WAYNE. Practice in Superior Court. Judge. Execution. Constitutional Law. Service. Partnership. Claims. Estoppel. Admissions.
(Before Judge Mershon.)

Jackson, C. J.—1. Where counsel for both parties agreed upon an attorney to preside as judge pro hac vice in place of the regular judge of the circuit who has disqualified from presiding, a judgment rendered by such judge pro hac vice was constitutional, although rendered prior to the constitution of 1877. 39 Ga., 361; 41 Id., 268.

2. That the fi. fa. issued on such a judgment bore test in the name

of the regular judge of the circuit does not make it invalid, although such judge did not preside when the judgment was rendered, being disqualified from so doing. The use of his name in this merely formal attestation does not annul the process. Code, §§3496, 3988, 3632; 55 Ga., 607; 60 Id., 298

(a.) Nor will the fact that the regular judge presided when it appeared that the first fi. fa. issued did not conform to the judgment, and authorized a second fi. fa. to issue for that purpose, render it invalid.

3. The fi. fa. need not name the term at which the judgment on which it rests was rendered. It is sufficient if it declares that it was lately rendered in court and is for a stated amount of principal, a stated amount of interest up to a certain date and also, interest, or together with interest, from that date. If the execution follows the judgment, that is enough. Code, §3636.

4. A suit was brought against a firm, one of whom lived in the county where the suit was brought and the other in a different county. The court papers were lost and re-established; but no second original appears to have been so re established. By agreement of counsel for a firm, a judge pro hac vice was appointed and rendered a judgment which was against both members. Some fifteen years thereafter a levy of the fi. fa. issued under the judgment was made on the property of the resident partner, as to whom service appeared on the papers, and his wife interposed a claim:

Held, that the facts were sufficient to authorize a conclusion that both members of the firm were served, and a dismissal of the levy for want of service was error.

5. Although the levy in this case does not state that it was made on property as the property of one of the two defendants in fi. fa., yet where the claimant so recogized it in the affidavit, this was a solemn admission in judicio under oath and estops the claimant from denying that it was levied on as the property of such defendant.

Judgment reversed.

Nicholls & Brantley; Simon W. Hitch, by Pat. Calhoun; King & Spalding, for plaintiff in error.

Frank H. Harris, for defendant.